

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2004

# Castganeda-Corona v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3395

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Castganeda-Corona v. Atty Gen USA" (2004). *2004 Decisions.* Paper 608.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/608

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3395

ANGELICA CASTANEDA-CORONA,
Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States of America,
Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A73-520-634)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2004
Before: SCIRICA, *Chief Judge*, GARTH and BRIGHT*, *Circuit Judges*

(Filed   June 8, 2004 )

OPINION OF THE COURT

_____

*The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Judicial
Circuit, sitting by designation.

SCIRICA, *Chief Judge.*

At issue is a challenge to the Board of Immigration Appeals' use of the streamlining provisions, 8 C.F.R. § 3.1(a)(7), to summarily affirm an Immigration Judge's decision and a challenge to the denial of suspension of deportation relief. We will deny Angelica Castaneda-Corona's petition for review.

**I.**

On May 9, 1996, deportation proceedings were initiated against Castaneda-Corona, a native and citizen of Mexico who entered the United States on July 29, 1989 without inspection. The Immigration and Naturalization Service charged her with deportability under former section 241(a)(1)(B) of the INA, 8 U.S.C. § 1251(a)(1)(B) (1994). On January 31, 1997, Castaneda-Corona appeared before an Immigration Judge and conceded deportability but sought relief in the form of suspension of deportation under former section 244(a)(1) of the INA, 8 U.S.C. § 1254(a)(1) (1994). In an oral decision dated July 15, 1998, the Immigration Judge denied Castaneda-Corona's application for suspension of deportation but granted her request for voluntary departure. She filed a timely notice of appeal with the Board of Immigration Appeals. On July 31, 2002, the Board issued an order summarily affirming the decision of the Immigration Judge under 8 C.F.R. § 3.1(a)(7). Castaneda-Corona appeals, contending the Board's application of the streamlining provisions to her case deprived her of an individualized determination and violated her due process rights.

Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009, deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to "transitional rules of judicial review." The transitional rules apply here because the deportation proceedings were initiated on May 9, 1996, and the Immigration Judge's Deportation Order was issued on July 15, 1998.

**II.**

Castaneda-Corona's challenge to the constitutionality of the streamlining procedures is foreclosed by *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003) (en banc).[1]

Castaneda-Corona appeals the Board's denial of suspension of deportation relief under former section 244. Under former section 244, the Attorney General may offer suspension of deportation to an alien who has been physically present in the United States for at least seven years, possesses good moral character, and "whose deportation would, *in the opinion* of the Attorney General, result in extreme hardship to the alien or to [a qualifying relative] who is a citizen of the United States or an alien lawfully admitted for permanent residence." INA § 244(a)(1), 8 U.S.C. § 1254(a)(1) (1994) (emphasis added). The use of the phrase "in the opinion" indicates that the determination of whether the applicant will face extreme hardship is at the discretion of the Attorney General. *See*

---

[1] To prevail in a facial challenge to a regulation, a petitioner "must establish that no set of circumstances exists under which the [regulation] would be valid." *Reno v. Flores*, 507 U.S. 292, 301 (1993) (internal quotation omitted).

*Fatin v. INS*, 12 F.3d 1233, 1243 (3d Cir. 1993). IIRIRA's transitional rules provide that "there shall be no appeal of any discretionary decision under" section 244 of the INA as in effect as of the date of the enactment of the Act. IIRIRA § 309(c)(4)(E).[2] Accordingly, we lack jurisdiction to review Castaneda-Corona's challenge to the determination that she failed to establish extreme hardship under former section 244.

Castaneda-Corona also challenges the Board's decision to apply the streamlining regulations to her particular case. To decide whether streamlining is appropriate, we would necessarily be engaged in a merits analysis of the extreme hardship claim. *See Carriche v. Ashcroft*, 350 F.3d 845, 854 (9th Cir. 2003). Because we lack jurisdiction to review the merits of the discretionary decision regarding the extreme hardship requirement, we are also without jurisdiction to evaluate the discretionary decision of whether streamlining was appropriate.

**III.**

For the foregoing reasons, we will deny Castaneda-Corona's petition for review.

---

[2]In *Urena-Tavarez v. Ashcroft*, No. 03-1013, 2004 U.S. App. LEXIS 8980 (3d Cir. May 7, 2004), we held that 8 U.S.C. § 1252(a)(2)(B)(ii) bars us from reviewing the discretionary denial of waivers when Congress has expressly informed us of its intent. *Id.* at *11-12, *22. We noted that "'many provisions of IIRIRA are aimed at protecting the Executive's discretion from the courts – indeed, that can fairly be said to be the theme of the legislation.'" *Id.* at *12 (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486-87 (1999)).

4